UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

HUSAIN AL-KAWWAZ,

    Defendant,

and

MONTATHAR AL-KAWWAZ,

    Claimant.

Case No. 25-51359
Honorable Laurie J. Michelson
Magistrate Judge Kimberly G. Altman

---

**ORDER ADOPTING REPORT AND RECOMMENDATION [9], DENYING PETITION FOR RETURN OF PROPERTY [1], GRANTING MOTION TO DISMISS [4], AND DISMISSING CASE**

---

Montathar Al-Kawwaz, proceeding *pro se*, filed a "motion for return of property." (ECF No. 1.) That motion sought the "return of property that was the subject of a forfeiture in a criminal case." (ECF No. 9, PageID.37–38.)[1] The government filed a motion to dismiss (ECF No. 4), and Al-Kawwaz was ordered to—but did not—respond to that motion (ECF No. 7).

All pretrial matters in this case were referred to Magistrate Judge Kimberly G. Altman. (ECF No. 2.) Judge Altman issued a Report and Recommendation to deny

---

[1] The Court adopts Judge Altman's reference of the motion as a petition and Montathar Al-Kawwaz as the petitioner. (ECF No. 9, PageID.38.)

the petition for return of property and grant the government's motion to dismiss. (ECF No. 9.) Judge Altman concluded that dismissal was proper because Al-Kawwaz did not sign the petition under penalty of perjury, as was required (*id.* at PageID.45–47), and otherwise lacked standing to bring the action (*id.* at PageID.47–50).

At the conclusion of her Report and Recommendation, Judge Altman notified the parties that they were required to file any objections within 14 days of service, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d), and that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (*Id.* at PageID.51–52.) It is now well beyond that 14-day objection period, and no objections have been filed—even allowing additional time for the Court to receive objections that may have been mailed given Al-Kawwaz's international address.

The Court finds that Al-Kawwaz's failure to object is a procedural default, waiving review of the magistrate judge's findings by this Court. It is well established in the Sixth Circuit that "a party shall file objections with the district court or else waive right to appeal." *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). As the Supreme Court explained in *Thomas v. Arn*, the Sixth Circuit's waiver-of-appellate-review rule rests on the assumption that the parties' failure to object to a Report and Recommendation is a procedural default "waiving review even at the district court level." 474 U.S. 140, 149 (1985); *see also Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made."

2

(citing *Thomas*, 474 U.S. at 149–52)). The Supreme Court further held that this rule does not violate either the Federal Magistrates Act or the Federal Constitution. *Thomas*, 474 U.S. at 155.

The Court therefore finds that Al-Kawwaz has waived further review of Judge Altman's Report and Recommendation and accepts the recommended disposition. (ECF No. 9.) It follows that the petition for return of property (ECF No. 1) is DENIED and the government's motion to dismiss (ECF No. 4) is GRANTED. This case is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

Dated: June 8, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

3